# EXHIBIT A

PROPOSED SCHEDULE

| Deadline | Item |
| --- | --- |
| December 11, 2019 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| January 3, 2020 | Deadline for Motions to Transfer |
| February 28, 2020 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other timeframe. |
| March 6, 2020 | Parties exchange claim terms for construction. |
| March 20, 2020 | Parties exchange proposed claim constructions. |
| April 3, 2020 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefore. A failure to summarize the potential expert testimony in a good |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

1

|  | faith, informative fashion may result in the exclusion of the proffered testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
|---|---|
| April 10, 2020 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| April 17, 2020 | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| May 15, 2020 | Parties file Responsive claim construction briefs. |
| June 5, 2020 | Parties file Reply claim construction briefs. |
| June 12, 2020 | Parties submit Joint Claim Construction Statement and consolidated briefing collated by Opening, Response, and Reply in Microsoft Word format.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| June 25 and June 26, 2020 | Markman Hearing at 9:00 a.m. |
| 1 week after Markman hearing[2] | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after Markman hearing | Deadline to add parties. |
| 8 weeks after Markman hearing | Deadline to serve Final Infringement and Invalidity Contentions. |
| 12 weeks after Markman hearing | Deadline to amend pleadings.  A motion is not required unless the amendment adds patents or claims. |
| 24 weeks after Markman hearing | Close of Fact Discovery. |
| 26 weeks after Markman hearing | Opening Expert Reports. |
| 30 weeks after Markman hearing | Rebuttal Expert Reports. |

---

[2] Defendants position is that the schedule post-Markman assumes coordination among the cases.  If the cases are consolidated post-Markman, additional time and revisions may be needed.

2

| 33 weeks after Markman hearing | Close of Expert Discovery. |
|---|---|
| 34 weeks after Markman hearing | Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue.  The parties shall file a report within 5 business days regarding the results of the meet and confer. |
| 35 weeks after Markman hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| 37 weeks after Markman hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 39 weeks after Markman hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 40 weeks after Markman hearing | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| 41 weeks after Markman hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 42 weeks after Markman hearing | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 44 weeks after Markman hearing (or as soon as practicable) | Final Pretrial Conference.  The Court expects to set the Pretrial Conference within 2-4 weeks of the trial date. |
| 45-48 weeks after Markman hearing (or as soon as practicable) | Jury Selection/Trial.  The Court expects to set this date at the conclusion of the *Markman* Hearing. |