**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| NEODRON LTD.,<br>Plaintiff,<br>v.<br>DELL TECHNOLOGIES INC.,<br>Defendant. | Case No. 1:19-cv-00819-ADA |
| NEODRON LTD.,<br>Plaintiff,<br>v.<br>HP, INC.,<br>Defendant. | Case No. 1:19-cv-00873-ADA |
| NEODRON LTD.,<br>Plaintiff,<br>v.<br>MICROSOFT CORPORATION,<br>Defendant. | Case No. 1:19-cv-00874-ADA |

| | |
|---|---|
| NEODRON LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 1:19-cv-00898-ADA |
| NEODRON LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Case No. 1:19-cv-00903-ADA |

**PLAINTIFF NEODRON LTD.'S ("NEODRON'S") RESPONSIVE CLAIM CONSTRUCTION BRIEF**

**GROUP 3 – TOUCH PROCESSING PATENTS**

# TABLE OF CONTENTS

*I. DISPUTED TERM FOR THE '286 PATENT* ____ *1*

**A. "sensor value(s)" ('286 Patent, claims 1, 3–5, 8–10, 12–13, 15–17, 20–21, 23–24)** ____ **1**

1. Defendants' proposal improperly imports limitations from the specification. ____ 2
2. Claims provide no support for Defendants' proposal. ____ 4
3. Extrinsic evidence does not support Defendants. ____ 5
4. Defendants mischaracterize what occurred at the ITC. ____ 5

*II. DISPUTED TERM FOR THE '747 PATENT* ____ *6*

**A. "to measure a parameter of the first variable resistance electrode" ('747 Patent, claims 10, 16)** ____ **6**

## TABLE OF EXHIBITS AND ABBREVIATIONS[1]

| Ex | Description | Abbreviation |
|---|---|---|
| - | Defendants' Opening Claim Construction Brief on the Disputed Terms of the Touch Processing Patents, Dkt. 62. | Defs.' Opening Br. |
| 33 | *Markman* Ruling in *Realtime Adaptive Streaming LLC v. Google LLC, et al.* dated July 25, 2019 | |

[1] Additional document abbreviations and the numbering of corresponding exhibits can be found on pages 4–5 of Docket No. 61, Neodron's Opening Claim Construction Brief for the Group 1 – Touch Sensor Patents. All relevant exhibits, with the exception of Exhibit 33, can be found as exhibits to Docket No. 64, Omnibus Declaration of Reza Mirzaie. Exhibit 33 is attached to this brief.

# I. DISPUTED TERM FOR THE '286 PATENT

## A. "sensor value(s)" ('286 Patent, claims 1, 3–5, 8–10, 12–13, 15–17, 20–21, 23–24)

| Neodron's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| Plain and ordinary meaning, which is "sensor **signal** value(s)." | Plain and ordinary meaning, i.e. "value **indicating the strength** of the sensor signal." |

"Sensor value" is a plain term, and both sides agree that it has a plain and ordinary meaning. Nevertheless, Defendants assert that the Court must limit the scope of this term. Setting aside the logical fallacy in arguing that a term should be construed to have its plain and ordinary meaning, and at the same time arguing that the Court should limit the scope of the term, Defendants' arguments for limiting the scope of this term lacks sound legal basis. For instance, Defendants argue that "the stated purpose of the invention" limits claim scope. Defs.' Opening Claim Construction Br. on the Disputed Terms of the Touch Processing Patents, Dkt. 62 ("Defs. Opening Br.") at 3 But "limit[ing] claim scope based on the purpose of the invention … is impermissible." *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 832 (Fed. Cir. 2003).[2] Defendants also argue that the '286 patent specification's "consistent[] and repeated[]" (Defs.' Opening Br. at 3) use of the word "strength" limits the scope of this plain term. That is also impermissible. Courts, without clear and unambiguous disclaimer, "do not import limitations into claims from examples or embodiments appearing only in a patent's written description, even when a specification describes very specific embodiments of the invention or even describes only a single embodiment." *JVW Enters. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1335 (Fed. Cir. 2005). Defendants also argue

[2] *GoLight, Inc. v. Wal-Mart Stores*, 355 F.3d 1327, 1331 (Fed. Cir. 2004) ("The patentees were not required to include within each of their claims all of the[] advantages or features described as significant or important in the written description."); *E-Pass Technologies, Inc. v. 3Com Corp*., 343 F.3d 1364, 1370 (Fed. Cir. 2003) ("An invention may possess a number of advantages or purposes, and there is no requirement that every claim directed to that invention be limited to encompass all of them.").

that extrinsic evidence supports them, but that is untrue, as none of their dictionary definitions even mentions the word "strength," and their expert relies entirely on the dictionaries for his "opinion." The Court should reject Defendants' proposal.

**1. Defendants' proposal improperly imports limitations from the specification.**

Defendants ask the Court to do what the Federal Circuit has "repeatedly warned against": confining the claims to the specific embodiments described in the specification. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (*en banc*) ("[A]lthough the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments."). Indeed, for a specification statement to be limiting, "patentee must clearly set forth a definition" or "there must be a clear and unmistakable disclaimer." *Thorner v. Sony Entertainment Am. LLC*, 669 F.3d 1362, 1365-67 (Fed. Cir. 2012).

Nothing in the specification amounts to a "clear and unmistakable" statement that limits the plain term "sensor value." Defendants first point to the specification at 2:8-16 to argue that the use of the phrase "the invention" followed by a description that uses the phrase "signal strength" supports their construction. Defs.' Opening Br. at 4. But even that first portion of the specification Defendants identify is expressly just about "***[o]ne aspect*** of the invention." *See id.* And later in that same column 2, the specification also states that "[i]n the above discussions, it should be understood that the principle of having one signal greater than another has been ***somewhat simplified for explanatory purposes***." '286 patent at 2:60-63. Moreover, specification further explains that "foregoing recital is not intended to list all of the features and advantages" of the invention. '286 patent at 3:56-60. There is no clear and unmistakable disclaimer here.

Defendants' reliance on "the invention" language is also legally misplaced. Even where the specification contains statements using "the present invention" language, the Federal Circuit

has repeatedly held that a limitation should not be imported. *See, e.g.*, *Voda v. Cordis Corp*., 536 F.3d 1311, 1321 (Fed. Cir. 2008) (holding that the language "straight portion" is not a claim limitation even though "portions of the written description…describe the contact portion 'of the catheter of the present invention' as a 'straight portion,'" and the phrase "straight portion" is mentioned no fewer than 19 times in the "Summary of Invention" of the asserted patent, U.S. Pat. No. 6,083,213); *Praxair, Inc. v. ATMI, Inc*., 543 F.3d 1306, 1326 (Fed. Cir. 2008) (holding that the claims do not require the capillaries to be "uniform" even though "the Summary of the Invention section of [the asserted patent state] that '[t]he apparatus of this invention provides a flow restrictor in the storage container in the form of a tube having multiple uniformly shaped capillaries…"); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 909 (Fed. Cir. 2004); *Rambus Inc. v. Infineon Tech. AG*, 318 F.3d 1081, 1094-5 (Fed. Cir. 2003).

Defendants point to various other portions of the specification, but none of those portions amounts to clear and unmistakable language limiting claim scope either. Indeed, Defendants do not even assert as much, and instead argue that "the specification exclusively describes" things using the word "strength." But the Federal Circuit has "expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005).

Likewise, Defendants' argument that the patent "repeatedly and consistently" (Defs.' Opening Br. at 7) uses the word "strength" also do not support Defendants, as none of those are clear and unmistakable disclaimer as to the term at issue, "sensor value." Defendants mischaracterize *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1370-71 (Fed. Cir. 2016) to support their argument (Defs.' Opening Br. at 7). Unlike here, *GPNE* involved a patent that "repeatedly and consistently characterize[d] a ***claim term*** in a particular way," and "[t]he prosecution history

also support[ed]" the construction at issue. *GPNE*, 830 F.3d at 1370-71. In contrast, Defendants do not even contend that prosecution history supports them here. And the '286 specification does not use "sensor value" in any particular way, much less in repeated and consistent way. In fact, Defendants concede that "the term 'sensor value' appears nowhere in the specification." Defs.' Opening Br. at 4. Accordingly, there is no clear and unmistakable disclaimer regarding "sensor value" through repeated and consistent use, or otherwise. The Court should not import the "strength" language from the specification.

**2. Claims provide no support for Defendants' proposal.**

Defendants identify ordinary numerical comparisons or mathematical operations in the claims to argue that their "strength" language should be adopted. That is nonsensical. For example, Defendants argue that claim 1's recitation of one sensor value "surpassing" another sensor value must mean that the claim is talking about "strength" of a signal. Defs.' Opening Br. at 7. That is like arguing that a person weighing 500 pounds surpassing a person weighing 250 pounds must mean that the 500-pound person's "strength" must surpass that of the 250-pound person; that may sometimes be true, but that is not always the case. Other arguments advanced by Defendants suffers from the same fallacy—e.g., "increasing" / "decreasing" sensor values (*id.* at 7-8) does not necessarily mean increasing / decreasing the strength of the sensor signal; it can simply mean increasing the sensor value from a value of 0 to a value of 1, or from a value of 1 to a value of 0. Similarly, "selected amount," "predetermined amount," or a value that "falls below" another value does not specifically require "value indicating the strength," as Defendants argue. Defendants appear to see any word recited in the claims as supporting their "strength" language. That is false.

**3. Extrinsic evidence does not support Defendants.**

Like for words in the claims, Defendants see any dictionary definition as supporting their "strength" language. But none of their dictionaries actually uses the word "strength." Instead, the two dictionaries Defendants cite uses the term "quantity" to define "value." *See* Defs.' Opening Br. at 9. "Quantity" does not imply "strength." Dictionaries do not support Defendants' construction. Defendants also cites to their expert declaration, but their expert relies exclusively on the dictionaries. Accordingly, expert declaration provides no help to Defendants either. *See also, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1318-19 (Fed. Cir. 2005) (*en banc*) (holding that extrinsic evidence is generally less reliable than intrinsic evidence).

**4. Defendants mischaracterize what occurred at the ITC.**

In an effort to avoid ALJ Elliott's ruling that directly contradicts Defendants' construction, Defendants rewrites what actually occurred at the ITC. For instance, while acknowledging that the ITC case involved a related patent with the same specification as here, Defendants argue that the ITC case involved "different claim language." Defs.' Opening Br. at 9-10. That is false. Both this case and the ITC case involves "sensor values." *See* Defs.' Opening Br. at 10 (reciting '790 patent claim 1, which recites "the respective first ***sensor values***"). Moreover, Defendants argue that the primary legal issue in the ITC was to address "indefiniteness problem" (Defs.' Opening Br. at 9). Not true. Even Defendants' own opening brief itself admits that "the parties in the ITC agreed that 'sensor value' and 'signal value' were interchangeable" (*id.* at 10), which eliminated any antecedent basis issue that formed the reason for the indefiniteness argument that Defendants had initially asserted in the beginning of the claim construction process in the ITC. As explained more fully in Neodron's opening claim construction brief, the issue regarding the term "sensor value"

in the ITC and in this case is virtually the same. ALJ Elliott's ruling was entirely correct. "Sensor value" should be construed as "sensor signal value."

## II. DISPUTED TERM FOR THE '747 PATENT

### A. "to measure a parameter of the first variable resistance electrode" ('747 Patent, claims 10, 16)

| Neodron's Proposed Construction | Samsung's Proposed Construction |
|---|---|
| Plain and ordinary meaning; no construction necessary: "to measure a ***parameter*** of the first variable resistance electrode." | Plain and ordinary meaning: "to measure a ***value determined by the resistance*** of the first variable resistance electrode." |

Samsung agrees that the parties' dispute concerns the phrase "to measure a parameter." *See* Defs.' Opening Br. at 12. And specifically, the parties' entire dispute is whether the word "parameter" should carry its plain and ordinary meaning (Neodron's proposal) or be construed as "value determined by the resistance" (Samsung's proposal).

Samsung's construction should be rejected because "parameter" has a plain and ordinary meaning, and the '747 patent uses parameter according to that plain meaning. *See Omega Eng'g, v. Raytek.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003) (the Federal Circuit indulges "a 'heavy presumption' that claim terms carry their full ordinary and customary meaning"). Samsung does not dispute this. Nor does Samsung contend that its construction—"value determined by the resistance"—is the plain meaning of "parameter." Indeed, the applicants wrote and the examiner allowed the claims using that word. The Court should not rewrite the claim differently from what the applicants wrote and the examiner allowed. *See Thorner v. Sony*, 669 F.3d 1362, 1366-67 (Fed. Cir. 2012) ("we do not redefine words. Only the patentee can do that.").

Nor is the Court is required to construe "parameter" simply because Samsung wants to. As the Federal Circuit instructed, "there are limits to the court's duties at the claim construction stage. For example, courts should not resolve questions that do not go to claim scope, but instead go to

infringement, or improper attorney argument." *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016). Indeed, "district courts are not (and should not be) required to construe every limitation present in a patent's asserted claims." *O2 Micro Int'l v. Beyond Innovation Tech*. 521 F.3d 1351, 1362 (Fed. Cir. 2008).

Samsung vaguely contends that plain and ordinary meaning "does not resolve the parties' dispute." Defs.' Opening Br. at 13. But Samsung fails to articulate ***what*** that dispute is or explain why it requires clarification from the Court. In similar circumstances, courts have rejected defendants' proposals and found no construction necessary. *See Realtime Adaptive Streaming LLC v. Google LLC, et al.*, CV 18-3629-GW(JCx), Dkt. 84 at 34–35 (C.D. Cal. Jul. 25, 2019) (Ex. 33 at 35-36) (noting that given the "lack of clarity" about "the actual root dispute . . . (including how that dispute relates to dispositive issues in this case such as infringement or invalidity contentions), the Court declines Defendants' insistence to construe these terms at this time" (footnote omitted)). Indeed, there does not appear to be any real dispute on some of Samsung's rewording—though Neodron cannot be entirely sure what Samsung means by its recording of the claims.

Samsung's arguments based on the claims and specification (Defs.' Opening Br. at 13–15) fail for a simple reason: they do not show lexicography or disclaimer. Samsung does not identify any clear and unmistakable relinquishment of claim scope. For example, the patentee never redefined or "parameter" to mean "value determined by the resistance."

Samsung's arguments that the claims and specification are consistent with their construction do not support adopting it. A "value determined by the resistance" is an example of a "parameter"—but not necessarily coextensive.[3] Every example in the '747 claims and

[3] Again, Samsung does not articulate any real dispute such as some "parameter" that must be excluded from the scope of the claims. Indeed, it should not because the claims recite "parameter." Should Samsung actually identify the dispute, Neodron will respond.

specification is consistent the plain meaning of "parameter" and shows it is used under that plain meaning. For example, dependent claim 15 recites "wherein the measured parameter is current flowing through the first variable resistance electrode." And the current flowing through the electrode is certainly a parameter of that electrode.

Samsung's reliance on Neodron's preliminary response in IPR proceedings does not support its construction. Neodron's preliminary response applied the plain meaning of "parameter" and the cited portions are not even about this claim term. Neodron agrees that the '747 is directed to resistive force sensors. But that concept is reflected in the claim term "first variable ***resistance*** electrode." It is not part of the plain meaning of "parameter" and there is no need to redefine that term to incorporate concepts from other limitations.

To the contrary, Samsung's own IPR petition on the '747 undermines the construction it seeks now. Samsung did not propose any construction for "parameter" and agreed that the term should carry its plain and ordinary meaning. The IPR was governed by the same *Phillips* claim construction standard as this case, and Samsung was required to propose constructions it believed to be correct. *See* 37 C.F.R. § 42.104(b)(3) ("[T]he petition must set forth . . . [h]ow the challenged claim is to be construed."). Yet Samsung did not propose any construction, much less "value determined by the resistance." To the extent Samsung argues that a construction unnecessary to resolve the invalidity disputes, the same is true now. The Court should reject Samsung's proposal and adopt Neodron's.

Dated: May 15, 2020

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)

Email: rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw
Philip X. Wang (CA SBN 262239)
pwang@raklaw.com
Neil A. Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
Amy E. Hayden (CA SBN 287026)
Email: ahayden@raklaw.com
Shani Williams (SBN 274509)
Email: swilliams@raklaw.com
Kristopher R. Davis (IL SBN 6296190)
Email: kdavis@raklaw.com
Christian W. Conkle (CA SBN 306374)
Email: cconkle@raklaw.com
Kent N. Shum (CA SBN 259189)
Email: kshum@raklaw.com
Jonathan Ma (CA SBN 312773)
Email: jma@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Fax: (310) 826-6991

Matthew D. Aichele (VA SBN 77821)
Email: maichele@raklaw.com
**RUSS AUGUST & KABAT**
800 Maine Avenue, SW, Suite 200
Washington, DC 20024
Phone: (310) 826-7474
Fax: (310) 826-6991

***Attorneys for Plaintiff Neodron Ltd.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on May 15, 2020.

*/s/ Reza Mirzaie*________
Reza Mirzaie